IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE E. CROSS,

    Petitioner,                    No. CIV S-09-488 LKK KJM P

    vs.

MICHAEL CORONA, et al.,

    Respondents.             FINDINGS AND RECOMMENDATIONS

                              /

          Petitioner is a state prison inmate proceeding with a writ of habeas corpus under 28 U.S.C. § 2254, challenging Sacramento County convictions, though he is currently being held in Orange County jail pending trial on other charges. He has now filed a document entitled "ex parte motion requesting a writ of mandate to Orange County Superior Court." Docket No. 29. He asks this court to issue a series of orders to the Orange County Superior Court, to the state Court of Appeal for the Fourth Appellate District, and to various participants in the Orange County criminal justice system. In addition, he asks this court to stay the ongoing criminal proceedings until the superior court holds a hearing on conditions at the Orange County jail.

          In Younger v. Harris, 401 U.S. 37, 43, 54 (1971) the Supreme Court recognized the "longstanding public policy against federal court interference with state court proceedings

1

. . ." and reversed the District Court's enjoining of a prosecution against Harris for violations of California's criminal syndicalism statutes.  Subsequent cases have distilled the principles of <u>Younger</u> into a three-part test:  a federal court should abstain from adjudicating a lawsuit if (1) there are pending state judicial proceedings, (2) the state proceedings implicate important state interests, and (3) the state proceedings provide an adequate opportunity to raise federal questions.  <u>Middlesex County Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 432 (1982).  Plaintiff has made no showing that <u>Younger</u> abstention is inappropriate in this case.

In addition, even though petitioner characterizes his request as one for a writ of mandate, the relief sought appears to be a mandatory injunction.  <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 879 (9th Cir. 2009) (a mandatory injunction orders a party to take some action).  A party seeking injunctive relief "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  In <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994); <u>see also</u> <u>Omega World Travel v. Trans World Airways</u>, 111 F.3d 14, 16 (4th Cir. 1997); <u>Lebron v. Armstrong</u>, 289 F.Supp.2d 56, 61 (D. Conn. 2003).  Plaintiff has failed to establish any relationship between the underlying attack on his Sacramento County convictions and the on-going criminal proceedings in Orange County.

IT IS THEREFORE RECOMMENDED that petitioner's motion for a writ of mandate (docket no. 29) be denied.

/////
/////
/////
/////
/////
/////
/////

1       These findings and recommendations are submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
3 one days after being served with these findings and recommendations, any party may file written
4 objections with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that
6 failure to file objections within the specified time may waive the right to appeal the District
7 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8 DATED: January 7, 2010.

                                          U.S. MAGISTRATE JUDGE