UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE E. CROSS,

        Petitioner,

   v.

MICHAEL CORONA, et al.,

        Respondents.

                                NO. CIV. S-09-0488 LKK/KJM P

O R D E R

Petitioner, proceeding in pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The court granted respondents' motion to dismiss in full on March 31, 2010, finding that the petition was untimely and declining to issue a certificate of appealability.

Petitioner has subsequently filed a document titled "Request for [Re]Consideration of Magistrate Judge Ruling" and "Requested Stay of Proceedings and Ex Parte Communication Request."  Document filed April 5, 2010 (Dkt. No. 63).  In addition, petitioner filed seven documents which were docketed on March 29, 2010, none of

1

1 which were explicitly discussed in the court's order dismissing the
2 case.  (Dkt. Nos. 54-60).  These include a "motion for transcript
3 order and copy of writ" (Dkt. No. 58), a "notice of appeal" (Dkt.
4 No. 54), and various other documents effectively seeking
5 reconsideration of prior orders and discussing the conditions in
6 which petitioner is currently housed.[1]

7     Many of these filings discuss petitioner's current custody.
8 In this case, petitioner has variously been referred to as a county
9 jail inmate and as a state prisoner.  It appears that petitioner
10 is a state prisoner currently housed in county jail in conjunction
11 criminal proceedings in an unrelated case.  Prior to denial of
12 petitioner's underlying habeas petition, petitioner moved this
13 court for an "investigation" and various injunctive relief in
14 connection with these proceedings, which this court denied.  See
15 Order of March 9, 2010 (denying petitioner's request for a writ of
16 mandate), Order of March 31, 2010 (denying petitioner's request for
17 an investigation).

18     Insofar as petitioner currently requests transcripts, he
19 requests that the court pay for copies of transcripts of state
20 court proceedings in the unrelated state criminal matter and that
21 the court provide additional copies of the documents issued in this
22 case.  These documents are apparently to be used in an appeal of
23 this court's denial of the habeas petition.  Assuming that the
24 court has the power to order transcripts of state court

---

[1] Petitioner's "motion to withdraw exhibits" (Dkt. No. 55) will be addressed in the first instance by the magistrate judge.

1  proceedings, the court declines to do so.  When a party asks the
2  court to order the government to pay for transcripts of proceedings
3  before the subject court, the court may do so only where "the
4  appeal is not frivolous (but presents a substantial question)."
5  28 U.S.C. § 753(f); Henderson v. United States, 734 F.2d 483, 484
6  (9th Cir. 1984).  It appears that this standard may be
7  appropriately applied here.  This court declined to issue a
8  certificate of appealability.  In so doing, the court determined
9  that an appeal would not present a substantial question.

10     Insofar as petitioner continues to argue that his current
11 conditions of confinement have made it difficult to litigate this
12 case and therefore entitle petitioner to tolling, the magistrate
13 judge previously considered whether conditions prior to the filing
14 of the petition entitled petitioner to tolling, and this court
15 accepted the magistrate judge's recommendation that they did not.

16     Petitioner asserts that this court wrongly failed to consider
17 his objections to the various findings and recommendations in this
18 case.  As to the findings and recommendations entered on January
19 8, 2010, (Dkt. No. 32) petitioner filed numerous documents
20 thereafter, and the court reviewed these documents, although none
21 were postured as objections to the findings and recommendations.
22 The court then adopted the findings and recommendations by order
23 filed March 9, 2010 (Dkt. 44).  In the interim, the magistrate
24 judge filed further findings and recommendations on March 2, 2010
25 (Dkt. No. 39). Petitioner did file objections to these findings and
26 recommendations, which the court considered as explained by the

1  order of March 31, 2010.

2  This sequence of events apparently confused petitioner, causing him to mistakenly believe that March 9, 2010 order of this court pertained to Dkt. No. 39 rather than Dkt. No. 32, thereby adopting Dkt. No. 39 without affording petitioner with an opportunity to respond. As should be clear from the March 31, 2010 order, petitioner was afforded an opportunity to object to the March 2, 2010 findings and recommendations (Dkt. No. 39), and the court considered those objections.

Accordingly, the court DENIES the following:

1. Petitioner's motion for transcripts, Dkt. No. 58.
2. Petitioner's motion for a stay, etc., Dkt. No. 63.
3. Petitioner's filings at Dkt. Nos. 56, 57, and 60, which generally seek reconsideration of prior orders.

IT IS SO ORDERED.

DATED: April 27, 2010.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4