IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE EUGENE CROSS, also known as Arcion,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>MICHAEL CORONA,<br><br>　　　　　Respondent. | No. 2:09-CV-0488-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Petitioner, a state prisoner proceeding pro se, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 31, 2010, the District Judge granted Respondent's motion to dismiss, declined to issue a certificate of appealability, and directed entry of judgment. See ECF No. 61. Now pending before the Court in this closed matter is Petitioner's motion for reconsideration, filed over 14 years following entry of final judgment. See ECF No. 75. The motion has been referred to the undersigned. See ECF No. 78.

　　　　The Court may grant reconsideration under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment); see also Schroeder v. McDonald, 55 F.3d 454, 458-59 (9th Cir. 1995). The motion must be filed no later than twenty-eight (28)

1

days after entry of the judgment. See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[1] See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988); see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); accord School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 60(a), the Court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the Court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending. See id.

Under Rule 60(b), the Court may grant reconsideration of a final judgment and any order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an opposing party. See Fed. R. Civ. P. 60(b)(1)-(3). A motion for reconsideration on any of these grounds must be brought within one year of entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1). Under Rule 60(b), the Court may also grant reconsideration if: (1) the judgment is void; (2) the judgement has been satisfied, released, or discharged, an earlier judgment has been reversed or vacated, or applying the judgment prospectively is no longer equitable; and (3) any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(4)-(6). A motion for reconsideration on any of these grounds must be brought "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

///

///

---

[1] If reconsideration is sought based on new evidence which could not have been discovered through due diligence in time to move for reconsideration under Rule 59(e), relief may be available under Federal Rule of Civil Procedure 60(b)(2). A motion under Rule 60(b)(2) may not be brought more than one year after entry of judgment.

1         On March 2, 2010, the Court issued findings and recommendations that Respondent's motion to dismiss be granted.  See ECF No. 39.  Specifically, the Court determined that Petitioner's petition was untimely.  See id.  The District Judge adopted the findings and recommendations in full on March 31, 2010.  See ECF No. 61.  The District Judge also declined to issue a certificate of appealability.  See id.  Final judgment was entered the same day.  See ECF No. 62.  Petitioner filed a notice of appeal on June 1, 2010.  See ECF No. 68.  On February 28, 2011, the Ninth Circuit Court of Appeals determined that Petitioner's appeal was untimely and denied his request for a certificate of appealability on that basis.  See ECF No. 72.  The pending motion for reconsideration was filed over 13 years later on October 9, 2024.  See ECF No. 75.

Here, Petitioner seeks reconsideration based on what Petitioner characterizes as misrepresentations of his claims by Respondent's counsel.  See id.  The judgment being challenged was issued over 14 years ago in 2010 and the present motion was filed over 13 years after the Ninth Circuit rejected Petitioner's appeal.  As such, the Court finds that Petitioner's motion is untimely under both Rule 59 and Rule 60 on any basis for relief.

Based on the foregoing, the undersigned recommends as follows:

1.     Petitioner's motion for reconsideration, ECF No. 75, be DENIED.

2.     All other pending post-judgment motions, ECF Nos. 79, 82, 83, 84, 86, 90, 94, 97, 98, 99, 100, 101, 102, 103, and 104, be DENIED as moot.

3.     The Court decline to entertain any further filings in this closed docket.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.

/ / /

/ / /

/ / /

/ / /

1  Failure to file objections within the specified time may waive the right to appeal.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 5, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE